IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **CARL CREWS**, | * |
| | * |
| Plaintiff | * |
| | * |
| v. | *   Case No.: RWT 09cv561 |
| | * |
| **SUNTRUST BANK**, | * |
| | * |
| Defendant. | * |
| | *** |

## MEMORANDUM OPINION

This case is about a loan servicer's response to two dispute letters filed by the borrower. In May of 2009, Plaintiff Carl Crews, pro se, filed an Amended Complaint, alleging that Defendant SunTrust Bank violated the Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681a–1681x (2006), and the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. §§ 2601–2617 (2006), by improperly furnishing Mr. Crews' negative credit information to three consumer reporting agencies. See Am. Compl. (Paper No. 4.) Pending before the Court is SunTrust Bank's Motion for Summary Judgment. Def.'s Mot. for Summ. J. (Paper No. 13.) Because Mr. Crews fails to provide evidence to show a genuine dispute of material fact on his FCRA and RESPA claims, the Court will by separate order grant SunTrust Bank's Motion for Summary Judgment.

## BACKGROUND

On April 11, 2006, Mr. Crews obtained a home equity line of credit from SunTrust Bank with a revolving credit line of $150,000, which was extended a year later to $220,000. See Def.'s Mot. for Summ. J. 1, Ex. B. Mr. Crews was late on payments due in August 2007, September 2007, October 2007, November 2007, and January 2008. See id. Ex. B, Ex. C, Ex. D;

see also Pl.'s Opp'n, Ex. A, Ex. C (Paper No. 15). Following these late payments, SunTrust Bank reported to TransUnion LLC, Experian, and Equifax—three major consumer reporting agencies—the amount Mr. Crews owed and that Mr. Crews was late on his payments. Neither party provides this Court with SunTrust Bank's initial reports to the consumer reporting agencies, but Mr. Crews concedes that he was in fact late on these payments. See Def.'s Mot. for Summ. J., Ex. I (Request for Admissions); see also Pl.'s Opp'n Ex. A, Ex. C. Mr. Crews also concedes that the initial reports made to the consumer reporting agencies accurately detailed the amount he owed. See Def.'s Mot. for Summ. J., Ex. J, Ex. K (Interrogatory Responses).

Despite admitting to the accuracy of the reports, Mr. Crews filed two dispute letters arguing that he was late on his payments because of an "address mix up." See Pl.'s Opp'n, Ex. A, Ex. C. Mr. Crews first raises this address problem in his initial dispute letter dated February 14, 2007.[1] See id. Ex. A. The second letter, dated October 7, 2008, alleges that Mr. Crews was late on his payments because the account statements were sent to his "business address." See id. Ex. C.

In response to Mr. Crews' February 14, 2008 and October 7, 2008 dispute letters, SunTrust Bank sent letters dated February 27, 2008, see id. Ex. B, and October 14, 2008, see id. Ex. D, respectively. In both letters, SunTrust Bank indicated that an investigation into Mr. Crews' dispute had been completed and that no change to Mr. Crews' payment history was warranted. See id. Ex. B, Ex. D ("A *review* of our records indicates that the history being reported is accurate and factual.") (emphasis added).

In addition to responding to Mr. Crews' dispute letters, SunTrust Bank also notified all three consumer reporting agencies of Mr. Crews' dispute on February 5, 2008, and February 7,

---

[1] The Court will assume the letter was actually sent on February 14, 2008 because the letter discusses late payments from September and October of 2007. See Pl.'s Opp'n Ex. A.

2008. See Def.'s Mot. for Summ. J., Ex. F, Ex. G, Ex. H. Mr. Crews subpoenaed from only one of the consumer reporting agencies, Equifax, copies of all correspondence from SunTrust Bank regarding Mr. Crews' credit file. See Pl.'s Opp'n, Ex. F. Equifax verified receipt of SunTrust Bank's notice of Mr. Crews' dispute. See id. Ex. G, Ex. H (Automated Consumer Dispute Verification forms).

## PROCEDURAL HISTORY

In March of 2009, Mr. Crews, an attorney proceeding pro se, filed a complaint against SunTrust Bank alleging violations of the FCRA. Compl. (Paper No. 1.) Mr. Crews subsequently filed an amended complaint in May of 2009 alleging SunTrust Bank also violated the RESPA. Am. Compl.

SunTrust Bank filed a Motion for Summary Judgment on the grounds that no genuine issue of material fact exists with regard to Mr. Crews' FCRA and RESPA claims. Mr. Crews filed an opposition thereto (Paper No. 15), and SunTrust Bank filed a reply (Paper No. 17).

## STANDARD OF REVIEW

In evaluating a summary judgment motion, the court must assess whether there are any genuine issues of material fact and whether the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Francis v. Booz, Allen & Hamilton, Inc., 452 F.3d 299, 302 (4th Cir. 2006); Fed. R. Civ. P. 56. "A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 522 (4th Cir. 2003) (alternation in original) (quoting Fed. R. Civ. P. 56(e)). When ruling on a motion for summary

judgment, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

## ANALYSIS

### I. COUNT I – FAIR CONSUMER REPORTING ACT

The first Count of the Amended Complaint alleges SunTrust Bank violated the FCRA. Specifically, the Amended Complaint alleges that SunTrust Bank failed to notify the consumer reporting agencies that he disputed the late payments in violation of 15 U.S.C. § 1681s-2(a)(3). See Am. Compl. ¶ 27. In his opposition, Mr. Crews further alleges that SunTrust Bank breached a duty to report the results of its investigation of Mr. Crews' dispute in violation of 15 U.S.C. § 1681s-2(b).

> A. Mr. Crews lacks standing to bring a private claim under 15 U.S.C. § 1681s-2(a)(3) because the statute only permits claims made by federal and state officials.

In alleging a violation of § 1681s-2(a)(3), Mr. Crews argues that SunTrust Bank breached a duty to provide notice of his dispute to the consumer reporting agencies. See Pl.'s Opp'n 2. Section § 1681s-2(a)(3) provides:

**(3) Duty to provide notice of dispute**

If the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer.

However, Mr. Crews, a private consumer, lacks standing to bring a claim under § 1681s-2(a)(3). The Fourth Circuit has held that the "FCRA explicitly bars private suits for violations of § 1681s-2(a)." Saunders v. Branch Banking & Trust Co. of Va., 526 F.3d 142, 149 (4th Cir. 2008) (citing 15 U.S.C. § 1681s-2(c)). Section § 1681s-2(c), entitled "Limitation on liability" provides in relevant part: "[S]ections 1681n and 1681*o* of this title do not apply to any violation

4

of (1) subsection (a) of [1681s-2]." Sections 1681n and 1681*o* create civil liability for willful and negligent noncompliance, respectively.  See Robinson v. Equifax Info. Servs., LLC, 560 F.3d 235, 239 (4th Cir. 2009) (citing §§1681n, 1681*o*).  Thus, subsection (c) does not create civil liability for violations of subsection (a).  Additionally, § 1681s-2(d) limits enforcement of subsection (a) to Federal agencies and officials and State officials:

> **(d) Limitation on enforcement**
>
> The provisions of law described in paragraphs (1) through (3) of subsection (c) of this section . . . *shall be enforced exclusively* as provided under section 1681s of this title *by the Federal agencies and officials and the State officials* identified in section 1681s of this title.

15 U.S.C. § 1681s-2(d) (emphases added).  Consequently, as a private consumer, Mr. Crews does not have standing to bring a claim under § 1681s-2(a)(3).  Therefore, SunTrust Bank is entitled to Summary Judgment on this claim.

> B. <u>Mr. Crews has no evidence that SunTrust Bank violated 15 U.S.C. § 1681s-2(b) because SunTrust Bank investigated and reported his dispute to the consumer reporting agencies.</u>

Mr. Crews also seems to argue that he notified SunTrust Bank of his dispute, and that SunTrust Bank breached a duty to investigate and provide notice of his dispute to the consumer reporting agencies.  See Pl.'s Opp'n 3–4.  Section 1681s-2(b) provides in relevant part:

> **(b) Duties of furnishers of information upon notice of dispute**
>
> **(1) In general**
>
> After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall—
>
> **(A)** conduct an investigation with respect to the disputed information;
>
> **(B)** review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;

>> **(C)** report the results of the investigation to the consumer reporting agency;

>> **(D)** if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.

Mr. Crews does not offer any evidence that would show SunTrust Bank failed to investigate or report the results of the investigation to the consumer reporting agencies. To the contrary, SunTrust Bank did conduct an investigation. See Pl.'s Opp'n, Ex. B, Ex. D (letters from SunTrust to Mr. Crews stating that "a review of our records" has been completed). SunTrust Bank provided notice of Mr. Crews' dispute when SunTrust Bank sent dispute response forms to TransUnion LLC, Experian, and Equifax. See Def.'s Mot. for Summ. J. Ex. F, Ex. G, Ex. H. The record shows that these forms were received and acknowledged by, at the very least, Equifax. See Pl.'s Opp'n Ex. G, Ex. H. Additionally, Mr. Crews concedes that the information furnished by SunTrust was accurate. See Def.'s Mot. for Summ. J., Ex. J, Ex. K. Accordingly, to the extent Mr. Crews alleges a violation of § 1681s-2(b), the claim has no factual basis in the record.

## II. COUNT II – REAL ESTATE SETTLEMENT PROCEDURES ACT

The second Count of the Amended Complaint alleges SunTrust Bank violated the RESPA by breaching a duty to adequately respond to Mr. Crews' loan inquiry. See Am. Compl. ¶ 28–30. Mr. Crews specifically alleges violations of 12 U.S.C. § 2605(e)(2)(B)(i) and § 2605(e)(3). See Am. Compl. ¶¶ 28–30.[2] Each potential violation will be addressed in turn.

---

[2] In his Amended Complaint, Mr. Crews also alleges violations of § 2605(e)(1) and (e)(2). See Am. Compl. ¶ 30. However, Mr. Crews later concedes that no violation occurred under these subsections because SunTrust Bank responded within twenty days and investigated within sixty days. Def.'s Mot. for Summ. J., Ex. J at 5.

A.  SunTrust Bank did not violate 12 U.S.C. § 2605(e)(2)(B)(i) because it responded adequately to Mr. Crews' dispute letters.

Mr. Crews argues that SunTrust Bank violated § 2605(e)(2)(B)(i) by failing to respond to his dispute letter with a clear explanation of the reasons why the disputed material (his late payments) remains on his account. See Pl.'s Opp'n 1, 5–6. Section 2605(e)(2)(B)(i) provides in relevant part:

> **(2) Action with respect to inquiry**
>
> Not later than 60 days (excluding legal public holidays, Saturdays, and Sundays) after the receipt from any borrower of any qualified written request under paragraph (1) and, if applicable, before taking any action with respect to the inquiry of the borrower, the servicer shall . . .
>
>> **(B)** after conducting an investigation, provide the borrower with a written explanation or clarification that includes—
>>
>>> **(i)** to the extent applicable, a statement of the reasons for which the servicer believes the account of the borrower is correct as determined by the servicer . . . .

The Court concludes that SunTrust Bank complied with § 2605(e)(2)(B)(i). As required by § 2605(e)(2)(B), SunTrust Bank responded to Mr. Crews' dispute with a written statement that an investigation was completed. See Pl.'s Opp'n Ex. B, Ex. D. ("A review of our records indicates that the history being reported is accurate and factual."). Under § 2605(e)(2)(B)(i), SunTrust Bank had discretion to provide Mr. Crews with a "statement of the reasons for which [SunTrust Bank] believes the account of [Mr. Crews] is correct." 12 U.S.C. § 2605(e)(2)(B)(i). Mr. Crews, in the dispute letters he sent to SunTrust Bank, conceded that he was late on his payments. See Pl.'s Opp'n Ex. A, Ex. C. Therefore, SunTrust Bank appropriately exercised its discretion in declining to provide additional reasons for refusing to modify Mr. Crews' payment history.

> B. Mr. Crews has no evidence to show that SunTrust Bank violated 12 U.S.C. § 2605(e)(3) because SunTrust Bank did not send negative information to the consumer reporting agencies during the sixty day period.

Mr. Crews next alleges that SunTrust Bank inappropriately provided his negative credit information to, and failed to stop, the consumer reporting agencies from reporting this information in violation of 12 U.S.C. § 2605(e)(3). See Pl.'s Opp'n 5. Section 2605(e)(3) provides in relevant part:

**(3) Protection of credit rating**

During the 60-day period beginning on the date of the servicer's receipt from any borrower of a qualified written request relating to a dispute regarding the borrower's payments, a servicer may not provide information regarding any overdue payment, owed by such borrower and relating to such period or qualified written request, to any consumer reporting agency . . . .

First, Mr. Crews does not have any evidence that SunTrust Bank sent his negative credit information to the consumer reporting agencies during the sixty-day period after Mr. Crews sent his dispute letter. The only evidence in the record of SunTrust Bank sending information to the consumer reporting agencies are the dispute forms dated February 5, 2008 and February 7, 2008. See Def.'s Mot. for Summ. J., Ex. F, Ex. G, Ex. H. Mr. Crews did not send his first dispute letter until February 14, 2008. See Pl.'s Opp'n Ex. A. Therefore, there is no evidence that SunTrust Bank sent information after February 14, 2008.

Second, Mr. Crews misunderstands § 2605(e)(3) to include an affirmative duty on SunTrust Bank to ask the consumer reporting agencies to stop reporting disputed information. See Pl.'s Opp'n 5. The statute only forbids the servicer from providing information; it does not require the loan servicer to send a request to the consumer reporting agencies to stop reporting accurate information previously reported. See 12 U.S.C. § 2605(e)(3). Therefore, SunTrust Bank is entitled to Summary Judgment on this claim.

## **CONCLUSION**

For the foregoing reasons, the Court will by separate order grant SunTrust Bank's Motion for Summary Judgment (Paper No. 13).


Date: May 13, 2010


                                                            /s/
                                                ROGER W. TITUS
                                        UNITED STATES DISTRICT JUDGE